IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE WAYNETTA TAYLOR, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 21-3087 |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of Social Security | : | |
| Defendant. | : | |

# MEMORANDUM OPINION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                             March 15, 2022

This action was brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied the application of Michelle Waynetta Taylor ("Taylor") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 301, *et seq.* (the "Act"). Presently before the Court is Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br.") (Doc. 10); Defendant's Motion to Remand ("Def. Mot.") (Doc. 11); Plaintiff's Response in Partial Objection to Defendant's Motion to Remand ("Pl. Resp.") (Doc. 12); and the record of the proceedings before the Administrative Law Judge ("ALJ") (Doc. 7) (hereinafter "R."). Plaintiff asks the Court to reverse the decision of the ALJ and to remand the matter to the Commissioner for a directed finding of disability and calculation of benefits. The Commissioner, recognizing deficiencies in the ALJ's decision, seeks the entry of an order remanding for further consideration of Taylor's claim. For the reasons set forth below, we grant Defendant's motion and remand for further consideration but not for payment of benefits.

I.      FACTUAL AND PROCEDURAL HISTORY

Taylor filed her claim for DIB and SSI on February 12, 2019 alleging disability beginning on August 19, 2013. She later amended her alleged onset date of disability to August 15, 2017, the day following a previously adjudicated period.[1] (R. 15, 54-56.) She had a high school education and work history as a home attendant, fast food worker, and fast food manager. (R. 39.) She was 40 years old on her amended onset date. She identified both physical and mental conditions as impacting her ability to work. Her physical impairments included degenerative disc disease and/or osteoarthritis in the lumbar spine, cervical spine, left ankle, and left hip, along with diabetic neuropathy, radiculopathy, and obesity.

The state agency denied her claim on May 21, 2019, and she requested a hearing with an ALJ. Her hearing was held on June 23, 2020 by telephone due to pandemic restrictions. Taylor was represented by counsel. She testified at the hearing that she lived alone in a first-floor apartment and received daily assistance from a visiting aide, who accompanied her to doctor's appointments and grocery shopping, and who assisted with other tasks. An impartial vocational expert ("VE") also testified at the hearing, addressing the vocational implications of various restrictions described in hypothetical questions posed by the ALJ and counsel.

On October 22, 2020, the ALJ issued her written decision regarding Taylor's application. She found that Taylor had not been disabled at any time since the August 15, 2017 amended onset date in that she could perform a limited range of work at the sedentary exertional level, subject to

---

[1] Taylor had previously filed an application for disability benefits on June 16, 2014 that also went to a hearing before an ALJ. The ALJ ultimately denied that claim by decision on August 14, 2017. (R. 15, 54-57.) The propriety of that decision – which reflects a final adjudication of the question of Taylor's disability status through August 14, 2017 – was not at issue in the 2019 claim and is not implicated here.

a number of additional restrictions.[2] (R. 24.) Taylor asked the Appeals Council to review the decision, but on May 7, 2021 that body determined that there was no reason to set aside the ALJ's decision, rendering it the final decision of the Commissioner. This litigation followed.

## II.   STANDARD OF REVIEW

This Court must determine whether the ALJ's conclusion that Taylor could perform jobs that exist in sufficient numbers in the national economy is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003). Substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of evidence." *Rutherford*, 399 F.3d at 552. The factual findings of the Commissioner must be accepted as conclusive, provided they are supported by substantial evidence. *Richardson*, 402 U.S. at 390 (citing 42 U.S.C § 405(g); *Rutherford*, 39 F.3d at 552). The review of legal questions presented by the Commissioner's decision, however, is plenary. *Shaudeck v. Commissioner of Social Security Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

## III.   DECISION UNDER REVIEW

The issue before the ALJ at the time of the October 22, 2020 decision under review was whether Taylor had been disabled within the meaning of the Act at any time since August 15, 2017. The ALJ applied the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920(a) to reach her conclusion. At Step One, she found that Taylor had not engaged in substantial gainful activity since the alleged onset date. (R. 18, Finding No. 2.) At Step Two, she found that Taylor suffered from severe, medically-determinable impairments, specifically related

---

[2] We provide in a block quotation below the ALJ's exact RFC finding, which included a series of restrictions in the field of sedentary work.

3

to degenerative disc disease of the spine and ankle, osteoarthritis of the hip, diabetic neuropathy, obesity, and mental health disorders. (R. 18, Finding No. 3.) At Step Three, however, she concluded that Taylor did not have an impairment or combination of impairments that satisfied the criteria of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926). (R. 18, Finding No. 4.) These findings are not in dispute.

As the ALJ did not find Taylor disabled at Step Three, the analysis continued with the ALJ's determination of her residual functional capacity ("RFC"), which is defined as "the most [a claimant] can do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). The ALJ found:

> **5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally push/pull. She can occasionally perform postural maneuvers except never climbing ladders, ropes, scaffolds. She can frequently, but not constantly, perform manipulative maneuvers with the bilateral upper extremities. She can occasionally operate foot controls with the bilateral lower extremities. She must avoid concentrated exposure to hazardous machinery, unprotected heights and extreme temperatures. She can understand, carry out, and remember simple instructions in 2-hour increments sufficiently enough to complete an 8-hour workday in an environment that does not require quota-based work. She can occasionally interact with co-workers and supervisors. She can perform jobs that involve incidental contact with the public. She may need a cane for ambulation but is able to carry items in her free hand.**

(R. 24, Finding No. 5.) Relying upon the testimony of the VE at the hearing, the ALJ concluded at Step Four that, with this RFC, Taylor would not have been able to perform her past relevant work, which was at the medium exertional level. (R. 39, Finding No. 6.) She then proceeded to Step Five, at which she was to assess whether Taylor was capable of performing any jobs that exist in significant numbers in the national economy considering her age (as a "younger individual" as of her alleged disability onset date), her high school education, her English language capability, and her RFC, which limited her to unskilled work at less than a full range of sedentary exertional

4

work activity. At the hearing, the VE testified concerning jobs that an individual with the RFC specified by the ALJ could perform. (R. 40.) Citing this testimony, the ALJ concluded that Taylor was capable of performing jobs that existed in significant numbers in the national economy and thus was not disabled. (R. 40-41, Finding Nos. 10-11.)

## IV.  DISCUSSION

In her brief in support of her request for review, Taylor asserts that the ALJ's conclusion at Step Five that there is other work in the national economy that she could perform is not supported by substantial evidence. She contends that the jobs that the ALJ cited in the decision "are not consistent with the RFC as found," and that the VE testimony at the hearing actually "conflicts with the conclusion reached by the ALJ." (Pl. Br. at 4.) She contends that the VE testimony reveals that there are *no jobs* that someone with this RFC could perform, which establishes the failure of the Commissioner to meet her burden at Step Five. She seeks a remand for an award of benefits "based on her success at step 4." (*Id.* at 10.)

As noted above, upon review of Plaintiff's brief and the record, the Commissioner "determined that further evaluation of Plaintiff's claim is warranted" and moved for a remand of this case to the Commissioner for further proceedings. (Def. Mot. at 1.) The Commissioner acknowledges that the ALJ did not identify and resolve apparent conflicts between the testimony of the VE and the Dictionary of Occupational Titles (the "DOT") concerning the reasoning level requirements of the jobs identified by the VE. (*Id.* at 2.) The Commissioner also acknowledges a somewhat unclear remark by the VE as to whether the jobs he identified required sitting or standing, which necessitated further clarification of a factual issue. (*Id.* at 3.) The Commissioner contends that "there remains an unresolved factual issue that must be resolved by the ALJ on the record after remand," and argues that conflicts in the evidence "are to be resolved by the trier of fact." (*Id.* at 2.)

5

Plaintiff, however, continues to seek an outright award of benefits. (Pl. Resp. at 1.) In her formal response to Defendant's motion to remand, she asserts that the record is fully developed, through the VE's testimony, to show that she could *not* perform the jobs that the ALJ identified at Step Five (*Id.*) She contends that no proper purpose would be served in remanding the case to the Commissioner and that a remand would only allow the Commissioner "to find another [VE] who would potentially testify differently." (*Id.* at 1-2.) She contends that this would be an improper outcome where her record has been fully developed and there is uncontradicted evidence requiring a finding of disability. (*Id.* at 1-2.)

### A. Remand for further proceedings is appropriate.

An award of benefits could be appropriate if it were clear from the record that Taylor was disabled. On the current record, it is only clear that she met her burden to prove that she cannot perform her past relevant work. There is no question that the ALJ's analysis at Step Five, where the Commissioner bore the burden, is flawed. However, we cannot say that she would not be able to carry her burden on remand upon further questioning of a VE. We note that at the hearing, the VE initially identified only two jobs on some "list" he had that could be performed by the hypothetical individual described by the ALJ. *See* R. 80, 85-86. The ALJ explained that she needed him to look beyond any particular prepared "list" and to check "the system," at which point he was able to confirm that two particular sedentary positions suggested by the ALJ – "document preparer" and "addresser" – would accommodate any need to use a cane in one hand while ambulating. (R. 85-87.) As the parties now agree, however, however, those positions ultimately may *not* have been capable of being performed by someone who was limited, as Plaintiff was, to jobs involving only simple instructions.³ But the record does not suggest that the VE (including

---

³ In response to a question about whether the hypothetical limitation to simple instructions would preclude the ability to carry out certain jobs, the VE testified that the jobs he identified rated as

when prompted by the ALJ) exhausted the universe of sedentary jobs that someone with Plaintiff's RFC might be able to perform.  To be sure, inasmuch as he appeared to have been unaware of the reasoning requirements of these jobs as they related to Plaintiff's limitation to work only with "simple instructions," we agree with the Commissioner that "there remains an unresolved factual issue that must be resolved by the ALJ on the record after remand." (Def. Mot. at 2.)  We find remand for further proceedings to be the appropriate course of action in this posture.  *See Boone v. Barnhart*, 353 F.3d 203, 211 (3d Cir. 2003) (remanding "for further proceedings, which may include the taking of additional evidence," where ALJ's Step Five decision overlooked unresolved conflict between VE testimony and DOT and thus was not supported by substantial evidence). Upon remand, the ALJ is to identify and resolve apparent conflicts between the testimony of the VE and the DOT by asking the VE if a conflict exists and obtaining a reasonable explanation of any conflict.  *See* Def. Mot. at 2 (citing SSR 00-4p).

## B. It is not appropriate for the Court to award benefits at Step Five as this stage of the litigation.

In light of Plaintiff's very clear request that her case be remanded for an award of benefits, we have given particular consideration to whether there would be a proper basis for taking such a step in this case. We are mindful that the Third Circuit explored the circumstances under which a court might reverse or modify an administrative decision with or without a remand to the Commissioner for a rehearing in *Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984).  The court there noted that an award of benefits should be ordered "only when the administrative record of

---

SVP (specific vocational preparation) level 2, "[s]o this was a very simple demonstration job" and there was "no detailed instruction needed."  (R. 87.)  The Commissioner now acknowledges, however, that the positions of "document preparer" and "addresser" separately involve "reasoning levels" of 3 and 2 respectively – regardless of their SVP rating – and that under the DOT, even reasoning level 2 jobs require the capacity to apply commonsense understanding to carry out "detailed" but uninvolved written or oral instructions.  *See* Def. Mot. at 2 (quoting DOT Appendix C).

7

the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22.  In such cases, it would be "unreasonable for a court to give the ALJ another opportunity to consider new evidence concerning the disability because the administrative proceeding would result only in further delay in the receipt of benefits." *Id*. at 222.  The Third Circuit found that a direct award of benefits was appropriate in Plaintiff Podedworny's case because of "several substantial errors in the administrative record" and the fact that it was doubtful that the Commissioner would be able to produce new probative evidence on the Step Five question as to which she bore the burden of proof.  *Id*.  The court also noted that the error had not been cured in a prior remand and commented upon the lengthy delay in the adjudication and re-adjudication of the claimant's case to that point.

In considering a more recent case in light of *Podedworny*, our Court of Appeals reiterated that:

> When reversing the SSA's decision under 42 U.S.C. § 405(g), [the federal court] "may choose to remand to the Secretary for a further hearing or simply direct the district court to award benefits." *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir.1984). "The decision to direct the district court to award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Id*. at 221-22. Such a decision is especially appropriate when the disability determination process has been delayed due to factors beyond the claimant's control. *Id.; see also Morales*, 225 F.3d at 320.

*Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 357-58 (3d Cir. 2008).  The court in that case ultimately ordered that benefits be paid to the plaintiff, noting that "Brownawell, like the claimants in *Podedworny* and *Morales*, has waited a remarkably long time for a final decision on her disability application, which was filed eight years ago." *Id.* at 358 (citing *Podedworny*, 745 F.2d at 223 (directing an award of benefits five years after claimant filed for disability); *Morales*, 225

8

F.3d at 320 (directing an award of benefits ten years after claimant filed for disability)). The Third Circuit noted that in the cases of both Morales and Brownawell, the claimant "had two hearings before an ALJ followed by two petitions to the appeals council, two appeals to the district court, and the present appeal to the court of appeals," such that "the record is unlikely to change." *Id.* (quoting *Morales*, 225 F.3d at 320).

We have never recommended an award of benefits in a case that had only one hearing and where the claim had been initiated only three years earlier. This case simply does not present the extraordinary circumstances that we believe would properly warrant undertaking the unusual task of affirmatively finding whether or not the claimant meets the definition of disability. We will not do so here.

## V.   CONCLUSION

The Commissioner agrees that there is cause for remand and re-consideration of Plaintiff's application concerning the Step Five determination that she could perform other work with the RFC as found by the ALJ. Our circuit's caselaw does not compel us to make a definitive ruling on Step Five on this incomplete vocational record and in these circumstances where Plaintiff has not been subjected to unusual delay. We will vacate the ALJ's decision and remand to the Commissioner for a new decision.

An appropriate order will follow.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE
